UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABBO-BRADLEY, et al, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>)<br>)<br>)<br>)<br>)<br>CITY OF NIAGARA FALLS et al. )<br>)<br>Defendants. ) | Civil Action No. 20 - cv - 00136<br><br>**AFFIDAVIT OF STEVEN J. PHILLIPS IN SUPPORT OF PLAINTIFFS' REPLY BRIEF TO THEIR MOTION TO REMAND ) THIS MATTER TO NEW YORK STATE SUPREME COURT NIAGARA COUNTY** |

**Steven J. Phillips**, an attorney licensed to practice law in the State of New York and not a party to this action, affirms the following to be true under penalty of perjury:

1. I am A MEMBER OF the law firm of PHILLIPS & PAOLICELLI, LLC, attorneys for the Plaintiffs herein. As such I am familiar with the facts and proceedings recited in this Affidavit.

2. This Affidavit accompanies Plaintiffs' Reply brief submitted in further support their motion for an order remanding these cases back to the New York State Supreme Court due to improper removal, and for attorneys' fees pursuant to 28 U.S.C.§ 1447 (c).

3. As a preliminary matter, although it is not germane to the issues raised by this remand motion, Plaintiffs disagree with the statements and inferences in Defendants' papers suggesting either delay or lack of progress or prosecution of this litigation can be blamed on Plaintiffs. part. To the contrary, should it be of interest to the Court, Plaintiffs will be prepared to explain at oral argument that in fact, the Occidental Defendants who by this Motion and otherwise, have tried to delay and impede the progress of and resolution of this litigation. However, as related, in most respects the progress of the proceedings in State Court are not germane to this Motion.

4. In all events, during the ongoing environmental investigation at the heart of this controversy, it developed that certain additional sites controlled and operated by the Occidental Defendants only wrongfully contributed to Plaintiffs' injuries.

{00052000}

When this became plain, Plaintiffs' counsel advised Defendants' counsel and indicated their intent to amend their complaint, simply to add the new sites. Discussions ensued about whether Plaintiffs should move for that relief, or whether Defendants would consent to the contemplated amendments. Set forth below (as well as in Plaintiffs' opening brief) are paragraphs identifying various e-mails and other exhibits memorializing these discussions and also reflecting that Defendants long prior to removal were fully aware of the substantive changes contemplated, and assented to the amendments. Also reflected below is the fact that, again, long prior to removal, the State Court was apprised of the proposed amendment and assented to the filing of amended complaints.

5. At the same time, the parties had been separately engaged in the process of reviewing the various complaints in this litigation, to weed out Plaintiffs who, for example, either a) had earlier brought claims against Defendants that had been settled, or b) had putative claims which upon investigation appeared to lack sufficient merit to move forward. This parallel process, which had nothing whatever to do with federal jurisdiction was time consuming.

6. Accordingly, between at least November 8, 2019 and January 2020, Plaintiffs and Defendants cooperated to finalize which Plaintiffs were being removed from the amended complaints.

7. Plaintiffs and Defendants engaged in numerous exchanges regarding the final form of the amended complaints and at no time between at least November 28, 2019 were there any negotiations regarding the amendments upon which Defendants base their removals.

8. At no time did Defendants notify Plaintiffs that they intended to remove the cases until the Removal Notices were filed on February 1, 2020.

9. Plaintiffs sent the Occidental Defendants all proposed amended complaints by October 28, 2019 (*see* Email from M. Stewart to K. Hogan, Oct. 28, 2019 (without attachment) as well as the November 8, 2019 email chain between M. Stewart and K. Hogan and D. Fleming.. *See* email chain attached hereto as **Exhibit B** without attachment**.**

10. On November 15, 2019, the Occidental defendants sent a letter on behalf of all parties advising the Court that all defendants consented to the substantive amendments upon which Defendants base their notices of removal. *See* Letter to J. Kloch from K. Hogan, at 1, attached hereto as **Exhibit C**.

11. On November 25, 2019, Judge Kloch held a teleconference in which the parties advised the court that defendants had consented to Plaintiffs' proposed amended complaints in all 19 actions. The court was advised that the parties were finalizing

the Plaintiffs who would be removed from the amended complaints. During the teleconference, Judge Kloch set a scheduling order with the parties, and on November 26, 2019 issued an order allowing the amended complaints and directing the plaintiffs to file the amended complaints by January 6, 2020. *See* Scheduling Order, J. Kloch attached hereto as **Exhibit D**.

12. In short, far more than thirty days have elapsed between the time Defendants were fully on notice and consented to any amendment that might bear of the jurisdiction of this Court. Nor was there any doubt that these amendments were approved by the State Court more than thirty days before removal, thus eliminating any doubt about the nature of the Amended Complaint.

13. During this same time period, Plaintiffs and certain Defendants were actively involved in settlement discussions with the assistance of the trial Court who had obtained the consent of all parties to assist in these discussions. Of course, the removal (which Plaintiffs believe was frivolous for reasons explained in our moving papers) may well have been motivated by concerns of the Occidental Defendants respecting the progress of these cases.

14. Accordingly, for the reasons set forth in Plaintiffs' submissions to the Court, Plaintiffs respectfully request that the above-captioned matter be remanded to the New York Supreme Court for the County of Niagara, and that they be granted the additional relief sought..

Dated:    New York, New York
          May 20, 2020

PHILLIPS & PAOLICELLI, LLP

By     /s/ Steven J. Phillips
       Steven J. Phillips
       Melissa Stewart
*Attorneys for Plaintiffs*
747 Third Avenue, 6th Floor
New York, New York
(212) 388-5100

WATERS & KRAUS
       Peter A. Kraus
       Charles S. Siegel
       Leslie C. MacLean
*Attorneys for Plaintiffs*
3141 Hood St., Ste. 700

{00052000}

                                                      Dallas, Texas 75219
                                                     (214) 357-6244

                                                     FANIZZI AND BAR
                                                              Paul K. Barr
                                                   *Attorneys for Plaintiffs*
                                                   2303 Pine Avenue
                                                   Niagara Falls, New York 14301

{00052000}